IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NEW SENSATIONS, INC.,

    Plaintiff,

v.                                      CASE NO. 1:12-cv-00157-MP-GRJ

DOES 1-13,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 5, Motion for Leave to Take Discovery Prior to Rule 26(f) Conference by New Sensations, Inc.  The plaintiff has filed a complaint against thirteen (13) John Doe defendants who allegedly obtained copies of plaintiff's copyrighted works without authorization through a file-swapping network.  The plaintiff requests leave to serve third party subpoena on the defendants' Internet Service Providers (ISPs) to obtain defendants' names prior to a Rule 26(f) conference. In support of its request, the plaintiff states that the defendants cannot be identified without information from their respective ISPs, and such ISPs has limited retention periods for the relevant records.

In copyright infringement cases, courts have found good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C.

2008) (noting the overwhelming number of cases where copyright infringement plaintiffs sought to identify Doe defendants and courts routinely applied the good cause standard to permit discovery).

In the instant case, the Court finds that there is good cause to grant the relief requested based upon plaintiff's necessity to serve subpoenas upon the ISPs to ascertain the identity of the defendants in this case.

Accordingly, it is now **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Doc. 5, is **GRANTED**.

2. The plaintiff may serve the ISPs with subpoenas under Rule 45 of the Federal Rules of Civil Procedure seeking information sufficient to identify the Doe defendants, including names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses. Plaintiff shall attach to the subpoenas a copy of this Order.

3. If and when the Internet Service Providers are served with the subpoenas, the Provider shall give written notice, which may include e-mail notice, to the affected subscribers within five business days, and such notices shall inform the subscribers of their right to challenge the subpoenas in this Court.

4. Plaintiff may only use the information disclosed in response to the Rule 45 subpoenas served on the ISPs for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 13th day of July, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:12-cv-157-SPM-GRJ*